UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JULIJANA KALAJ,                               :
                Plaintiff,           :
                                              :
v.                                            :       **ORDER**
                                              :
MAIN STREET WP HOTEL ASSOCIATES,              :       20 CV 9843 (VB)
LLC; METROPOLITAN PLAZA WP, LLC;              :
and MJ HOTELS OF WHITE PLAINS, LLC,           :
                Defendants.          :
--------------------------------------------------------------x

      Defendants Main Street WP Hotel Associates, LLC, Metropolitan Plaza WP, LLC, and MJ Hotels of White Plains, LLC, removed this action from Supreme Court, Westchester County. Defendants assert that the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). According to defendants, there is complete diversity of citizenship between plaintiff and defendants and the amount in controversy exceeds $75,000.

      To invoke diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Thus, 28 U.S.C. § 1332 "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." Id.; see also Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). Specifically, 28 U.S.C. § 1332(a)(1) applies when the dispute is between "citizens of different States."

      "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile . . . [in other words] the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000) (emphasis added). "[R]esidence alone is insufficient to establish domicile for jurisdictional purposes." Van Buskirk v. United Grp. of Cos., Inc., 935 F.3d 49, 54 (2d Cir. 2019).

      A limited liability company ("LLC") has the citizenship of each of its individual or entity members. Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000).

      Here, the notice of removal states plaintiff is a "resident" of Michigan. As noted above, residency is insufficient for purposes of diversity—what matters is domicile.

      In addition, the notice of removal states that defendant Main Street WP Hotel Associates, LLC, was organized and exists under the laws of Delaware; defendant Metropolitan Plaza WP, LLC, was organized and exists under the laws of New York; and defendant MJ Hotels of White Plains, LLC, was organized and exists under the laws of Florida. It further states that each defendant's principal place of business is in Florida. All of these allegations would be relevant if defendants were corporations. See 28 U.S.C. § 1332(c)(1). But of course, defendants are LLCs, not corporations. Section 1332(c)(1) does not apply.

1

Moreover, the notice of removal fails to separately identify each individual or entity member of each LLC defendant, and each individual or entity member's citizenship.

In short, the notice of removal fails to properly allege the citizenship of every party to this action.

As a separate matter, under 28 U.S.C. § 1441(b)(2), an action otherwise removable based on diversity of citizenship is not removable if any properly joined and served defendant is citizen of the state in which the action is brought.  Here, the notice of removal alleges that one of the defendants is citizen of New York.  If that is the case, the action is not removable.

Accordingly, by December 1, 2020, defendants shall submit a letter clarifying each party's citizenship, so that the Court can determine whether there is complete diversity in this case and whether the case was properly removed.  If defendants fail to do so, the Court will remand the case to state court for lack of subject matter jurisdiction.

Dated:  November 24, 2020
       White Plains, NY

                                      SO ORDERED:

                                      Vincent L. Briccetti
                                      United States District Judge